UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL KRAWITT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INFOSYS TECHNOLOGIES LIMITED, INCORPORATED, et al.,<br><br>Defendants. | Case No.16-cv-04141-LHK (VKD)<br><br>**ORDER DENYING WITHOUT PREJUDICE PROPOSED PROTECTIVE ORDER**<br><br>Re: Dkt. No. 88 |

On December 19, 2018, the parties filed a stipulation and proposed protective order, which was referred to the undersigned magistrate judge for review. Dkt. Nos. 88, 39.

The Court appreciates that the parties have cooperated on a proposed form of order to govern the use and exchange of confidential information in this case. However, several of the proposed protective order provisions appear to be inconsistent with the Federal Rules of Civil Procedure and the Civil Local Rules, guidelines, and other policies of this Court. Other proposed provisions are ambiguous and require clarification.

The Court denies the proposed protective order without prejudice. The Court outlines its concerns below and invites the parties to submit a revised proposed protective order.

1. Definitions:

    a. The proposed order's definition of "Court" in paragraph 1.b does not clearly include any judge to whom motions or discrete proceedings (such as discovery disputes or settlement conferences) may be referred, short of assignment of the entire "Proceeding" (as that term has been defined by the parties). An appropriate definition of "Court" would be: "the United States District Court for the Northern District of California and its personnel." *See, e.g.*, Model

Order ¶ 7.2(d).[1]

    b. In addition to their shaky grammar,[2] the proposed order's definitions of "Confidential" in paragraph 1.c and "Highly Confidential" in paragraph 1.e include inconsistencies that the Court expects the parties did not intend. The parties define "Confidential" [Material] as encompassing "Documents, Testimony, or Information which is in the possession of a Designating Party," but they define "Highly Confidential" [Material] as encompassing only "Information which belongs to a Designating Party."

    c. The term "Receiving Party(ies)" is used in paragraphs 11 and 32 of the proposed order as if it were a defined term, but the parties provide no definition of it.

    d. The term "Protected Material" is used in paragraph 15 of the proposed order as if it were a defined term, but the parties provide no definition of it.

    2. <u>Treatment of confidential information</u>:

The proposed order's discussion of materials that may be designated "Confidential" or "Highly Confidential" suggests that the parties expect the Court to adopt criteria for shielding such materials from public disclosure that are inconsistent with the Federal Rules of Civil Procedure, the Civil Local Rules, and applicable caselaw. First, while the parties are expected to make designations under the protective order in good faith, a party's "good faith belief" that information is confidential or highly confidential is not sufficient for the Court to order material sealed. *See* Dkt. No. 88 ¶¶ 1.d, 1.e, and 2 ("shall have the right to designate"). Rather, the Court will only permit material to be filed under seal if the material actually meets the criteria of Rule 26(c) and Civil Local Rule 79-5. *See*, *e.g.*, Model Order ¶¶ 2.2, 14.4. The parties may wish to revise their definitions of "Confidential" / "Confidential Material" and "Highly Confidential" / "Highly Confidential Material" to address this concern before asking the Court to sign the proposed order.

Second, the parties' definition of "Highly Confidential Material" includes an extended list

---

[1] All references to the Model Order are to the "Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets," available on the Court's website at https://cand.uscourts.gov/model-protective-orders.

[2] "Confidential" and "Highly Confidential" are adjectives, but the proposed order defines them as if they were nouns.

of categories of information and subjects the parties say contain their "trade secrets and other commercially sensitive Information." Dkt. No.88 ¶ 1.e. As discussed above, the Court evaluates requests to seal material on a case-by-case basis and is reluctant to adopt a definition that suggests that it will forego such case-by-case assessments in favor of the categorical protection described in this proposed provision.

Third, the parties should take note of paragraph 5.1 of the Model Order, which prohibits mass, indiscriminate, or routinized designations of information and documents as "Confidential" or "Highly Confidential." This model provision is consistent with this Court's policy on filing documents under seal pursuant to Civil Local Rule 79-5, particularly those that have been designated as confidential or subject to a protective order under Local Rule 79-5(e). *See* Civ. L.R. 79-5(b) commentary ("As a public forum, the Court has a policy of providing to the public full access to documents filed with the Court. . . . Proposed protective orders, in which parties establish a procedure for designating and exchanging confidential information, must incorporate the procedures set forth in this rule if, in the course of proceedings in the case, a party proposes to submit sealable information to the Judge."). The mere designation of documents as "Confidential" or "Highly Confidential" pursuant to a protective order alone does not support sealing those documents. Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."); *San Jose Mercury News v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). The Court expects the parties to include this provision, or a similar provision in their proposed order.

3. Inconsistent provisions:

a. Paragraph 16.d permits access to and/or disclosure of materials designated "Confidential" to "court reporters, stenographers, and videographers," but paragraph 17.d permits access to and/or disclosure of materials designated "Highly Confidential" to "court reporters" only. The Court expects the parties did not intend to require stenographers and videographers charged with recording a testimony involving Highly Confidential material to leave the room

3

1  while such testimony is transcribed solely by a court reporter.

        b. Paragraph 15 is inconsistent with paragraph 18, in that paragraph 18 appears to exclude the use of designated information for appeals.

        c. Paragraph 22 refers to the use of "Document, *Material* or Information," which is inconsistent with the use of "Document, *Testimony*, or Information" used elsewhere in the proposed order.

    4. Ambiguous provisions:

        a. Paragraph 7, which addresses the treatment of designated material used in deposition, states that "the court reporter shall be informed of this Confidential Material or Highly Confidential Material and shall be required to operate in a manner consistent with this Protective Order." This provision does not specify which party has the obligation to inform the court reporter of his or her obligations and which specific provisions of the Protective Order govern how the court reporter is supposed to "operate" in preparing the transcript of the deposition. *Compare* Model Order ¶¶ 5.2(a)-(b), 7.2(f).

        b. Paragraph 32, which addresses the inadvertent production of privileged materials, states: "Where the Designating and Receiving Parties agree in writing with regard to particular requested materials, a Designating Party may provide those requested materials for initial examination by the Receiving Party in connection with this Proceeding without waiving any privilege or protection in this case or any other Federal or State proceeding." The Court assumes that the parties intend here to invoke the protections of Federal Rule of Evidence 502(d) in circumstances where the Designating Party produces information without prior privilege review. The parties should clarify this provision.

    5. Dispute resolution provisions:

    Any challenges to confidentiality designations or to the clawback of inadvertently produced privileged material are subject to the Court's discovery dispute procedures described in Judge DeMarchi's Standing Order for Civil Cases, available at https://cand.uscourts.gov/vkdorders. The proposed protective should so state.

    The parties may either submit a revised proposed protective order that addresses the

4

concerns noted above, or they may submit a joint discovery dispute letter in accordance with Judge DeMarchi's Standing Order for Civil Cases (in lieu of a noticed motion) that explains why the current proposed provisions should be adopted, notwithstanding the Court's concerns.

**IT IS SO ORDERED.**

Dated: January 4, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge